# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVANSTON INSURANCE | * | CIVIL ACTION NO. 07-4223 |
| COMPANY | * | |
| | * | SECTION J, MAG. 5 |
| VERSUS | * | |
| | * | JUDGE BARBIER |
| CAMPO MUSIC SHOPPING CENTER | * | |
| CONDOMINIUM ASSOCIATION | * | MAGISTRATE JUDGE CHASEZ |

**********************************

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Campo Music

Shopping Center Condominium Association (hereafter sometimes referred to as "defendant" or

"Campo"), and submits this Memorandum in Support of its Motion to Dismiss the above entitled

and numbered declaratory judgment action for and on behalf of Evanston Insurance Company

("Evanston").  As set forth more fully, below, this Court should exercise its discretion to dismiss

Evanston's Complaint for Declaratory Judgment, because: (1) Campo has filed a state court action

in the Civil District Court for the Parish of Orleans,[1] and all matters in controversy may be fully

---

[1] *See Campo Music Shopping Center Condominium Association v. Evanston Insurance Company*, Civ. No. 2007-
11117 (Civil District Court, Parish of Orleans), attached hereto as Exhibit 1.  Notwithstanding the "Service of Suit"
endorsement in the policy issued by Evanston, in which Evanston agreed to "submit to the jurisdiction of any court
of competent jurisdiction," at plaintiff's request, and waived its right to remove this action from the forum selected
by plaintiff (*See, e.g., Willwoods Community v. Essex Insurance Co.*, 2006 WL 3733836 (E.D.La.12/14/2006)
(Vance, J.); *City of Rose City v. Nutmeg Insurance Company*, 931 F.2d 13 (5th Cir.1991)), Evanston removed

litigated in that action; (2) Evanston's Complaint for Declaratory Judgment was filed in anticipation of the state court petition filed by Campo; (3) Evanston is using this declaratory action for the purposes of forum shopping; (4) inequities will arise as a result of Evanston's ability to gain precedence with respect to time and forum; and (5) because retaining this declaratory action will not serve the purposes of judicial economy.

## I. Introduction and Procedural History

Campo is an association of commercial condominium owners which owns immovable property and all improvements thereon at 9930 Lake Forest Boulevard, New Orleans, Louisiana. Campo's property was insured under a commercial property insurance policy issued by Evanston, which provided coverage for damage or loss caused by, *inter alia*, wind and wind-driven rain up to coverage limits of $1,044,800. On August 29, 2005, Hurricane Katrina caused severe wind damage to Campo's property. Subsequent inspection revealed that approximately 50% of the roof was blown off by hurricane winds, allowing wind and wind-driven rain to penetrate the interior and contents of the building and resulting in a constructive total loss of the property. Although Campo has submitted proof of wind and wind-related damages in excess of $1.3 million, Evanston has thus far paid only $137,301.30 for Campo's covered losses.

On August 16, 2007, undersigned counsel sent a letter[2] of representation to counsel for Evanston. This letter also stated that undersigned counsel intended to attend the reinspection, by

---

Campo's state court action to federal court. That action is now pending in Section "F," before Honorable Martin L.C. Feldman (see Civ. No. 07-5449). Campo has filed a motion to remand the case to state court (see Rec. Doc. No. 4).

[2] A copy of the August 16, 2007 letter from undersigned counsel is attached hereto as Exhibit 2.

representatives of Evanston, of Campo's property.  The reinspection was scheduled for August 17, 2007, as part of the ongoing dispute over Evanston's adjustment of Campo's claim.

Because Evanston refused to pay the amount claimed by Campo to be due for insured losses caused by Hurricane Katrina, Campo, a domiciliary of Orleans Parish, filed suit in the Civil District Court for the Parish of Orleans, and explicitly requested in its petition[3] that Evanston submit to the jurisdiction of that Court pursuant to the "Service of Suit" endorsement in Evanston's insurance policy.  Additionally, in a letter[4] dated September 4, 2007 citing the "Service of Suit" endorsement and case law from the Fifth Circuit and this Court, undersigned counsel sent counsel for Evanston a courtesy copy of the petition filed in state court, and reiterated Campo's request that Evanston submit to the jurisdiction of the Civil District Court for the Parish of Orleans.  The Service of Suit endorsement contained in Evanston's policy states:

> It is agreed that in the event of the failure of this Company herein to pay any amount claimed to be due hereunder, this Company hereon, at the request of the insured, will submit to the jurisdiction of any court of competent jurisdiction within the United States of American and will comply with all requirements to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.
> It is further agreed that . . . this Company will abide by the final decision of such Court or any Appellate Court in the event of an appeal.

Ignoring the law and its own policy language, Evanston removed Campo's case from the forum selected by Campo.[5]  Campo has filed a motion to remand[6] to state court, relying on, *inter*

---

[3] See Paragraphs IV and V of plaintiff's state court petition, which is attached hereto as Exhibit 1.

[4] A copy of the September 4, 2007 letter from plaintiff's counsel is attached hereto as Exhibit 3.

[5] See Evanston's Notice of Removal (Civ. No. 07-5449, Rec. Doc. No. 1), attached hereto as Exhibit 4.

[6] See Campo's Motion to Remand and Memorandum in Support, Civ. No. 07-5449, Rec. Doc. No. 4.

*alia*, *Willwoods Community v. Essex Insurance Co.*, 2006 WL 3733836 (E.D.La.12/14/2006) (Vance, J.), and *City of Rose City v. Nutmeg Insurance Company*, 931 F.2d 13 (5th Cir.1991).

On September 26, 2007, undersigned counsel received a Notice of Lawsuit and Request for Waiver of Service of Summons[7] for the instant Complaint for Declaratory Judgment filed by Evanston on August 21, 2007.  Notwithstanding the fact that Evanston filed the instant declaratory action before Campo filed its state court petition, Campo urges this Honorable Court to dismiss Evanston's complaint for declaratory judgment, for the reasons set forth more fully below.

## II.  Law and Argument

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Universal Surety of America v. Mickey O'Connor General Contractor, Inc.*, 2003 WL 1594980 (E.D.La.2003) (Duval, J.) (internal citations omitted).  Whether to grant or deny declaratory relief is vested in the sound discretion of the district court.  *See Provident Tradesmens Bank & Trust Co. v Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).  *See also Wilton v. Seven Falls Co.*, 515 U.S. 277, 281, 115 S.Ct. 2137, 2140, 132 L.Ed.2d 214 (1995) (noting that, even when subject matter jurisdiction prerequisites are otherwise satisfied, district courts enjoy discretion in determining whether, and in what circumstances, to entertain a declaratory judgment action).

When determining whether to dismiss a complaint for declaratory judgment, a district court must consider three factors: (1) whether the action before it is justiciable; (2) whether it has authority to grant declaratory relief; and (3) whether, in the exercise of its discretion, the district court should dismiss or decide the declaratory action.  *Specialty Diving of Louisiana, Inc. v. Mahoney*, 2006 WL

[7] Attached hereto as Exhibit 5.

4

4101325 (E.D.La.2006) (Engelhardt, J.) (*citing The Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 387 (5th Cir.2003)).

With regard to the first factor in this three-part analysis, Campo does not contest that this action is justiciable: the dispute over Evanston's adjustment and payment of Campo's claim is ripe for adjudication, as evidenced in part by the state court action filed by Campo.  Campo has submitted wind damage estimates in excess $1.3 million, as satisfactory proof of its insured losses; Evanston has paid approximately one-tenth of that amount.  Clearly, a substantial controversy exists between Campo and Evanston.

With regard to the second factor, Campo submits that this Court does not have authority to grant declaratory relief, because the Service of Suit endorsement in Evanston's policy grants Campo the contractual right to choose the forum in which any dispute over amounts due under Evanston's policy will be heard, and Evanston agreed to submit to the jurisdiction of that court and to comply with all requirements to give such Court jurisdiction over all matters arising thereunder.  Campo has chosen to file suit in the Civil District Court for the Parish of Orleans, and has requested that Evanston submit to the jurisdiction of that Court.  Notwithstanding the fact that Evanston beat Campo to the courthouse and filed this declaratory action first, Campo submits that the Civil District Court for the Parish of Orleans, not this Court, has authority to grant relief in this dispute.

However, even if this Court does have the authority to grant declaratory relief, Campo adamantly asserts that the Court should exercise its discretion to dismiss this declaratory action. According to the Fifth Circuit, in determining whether to grant a motion to dismiss a declaratory action, the district court must consider the following seven non-exclusive factors: (1) whether there is a pending state court proceeding in which the matters in controversy may be fully litigated; (2)

whether the complaint for declaratory judgment was filed in anticipation of another suit; (3) whether the declaratory action is being used by the claimant for the purposes of forum shopping; (4) whether potential inequities may arise due to the claimant's ability to gain precedence with respect to time and forum; (5) the convenience of the federal forum to the parties and/or witnesses; (6) whether retaining the declaratory action would serve the purposes of judicial economy; and (7) whether the federal court is being asked to interpret or construe a state judicial decree concerning the same parties and entered by the court before which the parallel state suit is pending. *Specialty Diving*, 2006 WL 4101325 at *2 (*citing Sherwin-Williams*, 343 F.3d at 388).

With regard to the first factor, Campo has filed a state court action,[8] and all matters in controversy may be fully litigated in that action.  Although Evanston has removed Campo's state court action, in violation of its own policy language and the law of the Fifth Circuit and this Court, Campo has moved to remand that action to the Civil District Court for the Parish of Orleans.  In a factually and procedurally analogous case, *Willwoods Community v. Essex Ins. Co.*, 2006 WL 3733836 (E.D.La.2006) (Vance, J.), Judge Vance enforced an identical service of suit provision in the policies issued by defendants Essex Insurance Company and RSUI Indemnity Company, and remanded to state court, **even though the defendants had previously filed a declaratory action in federal court.**  Citing *City of Rose City v. Nutmeg Insurance Company*, 931 F.2d 13 (5th Cir.1991), Judge Vance held that "[b]ecause the terms of the service of suit provision establish that the defendants' removal was improper in this case, the Court need not discuss any bases of federal jurisdiction.   The provision precludes litigation in this Court irrespective of independent

---

[8] *Campo Music Shopping Center Condominium Association v. Evanston Insurance Company*, Civ. No. 2007-11117 (Civil District Court, Parish of Orleans), attached hereto as Exhibit 1.

jurisdictional bases." *Id.* at *3.  The Court thus remanded the case to state court.  *Id.*  Similarly, because the terms of the service of suit provision in Evanston's policy preclude removal, Campo fully expects that its state court action will be remanded, and that all matters in controversy can and will be fully litigated therein.

As this Court is well aware, "Courts have found that the issue of whether there is a pending state court action in which all matters in controversy can be litigated is of paramount concern." *Universal Surety*, 2003 WL 1594980 at *3 (*citing American Fidelity Ins. Co. v. Acadian Geophysical Services, Inc.*, 1997 WL 786233 (E.D.La.1997).  According to Professors Wright, Miller and Kane:  "[u]nnecessary interference with state court litigation should be avoided.  The Declaratory Judgment Act was not intended to enable a party to obtain a change in tribunal from a state to a federal court, and it is not the function of the federal declaratory action merely to anticipate a defense that would be presented in a state action."  Wright, Miller & Kane, *Federal Practice and Procedure*, Civil 3d, § 2758.  *See also Omega Protein, Inc. v. Briscoe*, 2000 WL 777910 (E.D.La.2000) (existence of a state court proceeding weighs heavily in favor of dismissal); *First Financial Ins. Co. v. Delta Contracting Enterprises, Inc.*, 1999 WL 1021440 (E.D.La.1999) (declaratory judgment action dismissed when all matters can be fully litigated in state court).

In the instant case, it is clear that Evanston's declaratory action is nothing more than an affirmative defense asserting the same position it has taken for the past two years: *i.e.*, that it has properly adjusted the insured damages to Campo's property, and has paid what it owes.  Indeed, this same position is repeated as an affirmative defense, with explicit reference to this declaratory action,

in Paragraph 26 of Evanston's Answer[9] to Campo's state court petition.  Accordingly, because Campo has filed a state court proceeding in which all claims and defenses can be fully litigated, Campo respectfully submits that this declaratory action should be dismissed.

Furthermore, with regard to the second factor, it is clear that Evanston filed its declaratory action in anticipation of Campo's suit.  Counsel for Evanston received a letter of representation[10] from undersigned counsel on August 16, 2007, and thus Evanston was on notice that the undersigned firm had been recently retained in anticipation of filing a suit before prescription.  Furthermore, Evanston was aware that Campo's property was being reinspected in August 17, 2007 - less than two weeks before prescription - as part of the ongoing dispute over Campo's insurance claim. Evanston subsequently filed this declaratory action on August 21, 2007 (although it did not send notice of this lawsuit until September 24, 2007, well after it had removed Campo's state court action).

Obviously, Evanston knew that Campo intended to file suit in which it would claim that Evanston had failed to properly adjust and pay all amounts owed for insured damages arising from Hurricane Katrina.  Subsequent to receiving undersigned counsel's August 16, 2007 letter of representation, Evanston filed this suit, asking the Court to declare just the opposite.  Evanston could have achieved the same result by doing nothing and letting prescription run.  But Evanston anticipated that Campo would file suit (in state court, pursuant to the Service of Suit clause in Evanston's policy), and it therefore filed the instant action in order to preempt Campo's right to file

---

[9] See *Campo Music Shopping Center Condominium Association v. Evanston Insurance Company*, Civ. No. 07-5449, Rec. Doc. No. 5.

[10] A copy of the August 16, 2007 letter from undersigned counsel is attached hereto as Exhibit 2.

suit in the forum of its choice.  Thus, as Judge Duval noted in *Universal Surety*, "[t]o entertain this declaratory judgment is in essence having the tail wag the dog."  2003 WL 1594980, at *4.  Campo, the true plaintiff in this matter, is the party that has actually been harmed, and Evanston should not escape its responsibility for that harm by posturing itself as the plaintiff in this declaratory action.

As to the third and fourth factors, it is apparent from its actions that Evanston would prefer to be in federal court, and that it chose this forum in an attempt to deprive Campo of its contractual right to file suit in the forum of its choice.  Clearly, Evanston has filed this action in order to circumvent its agreement to submit to the jurisdiction of any court of competent jurisdiction chosen by Campo, and to preempt a full inquiry into all aspects of this dispute.  Furthermore, Evanston's forum shopping would result in potential inequities as a result of its ability to gain precedence with respect to time and forum.  If Evanston is granted a declaratory judgment in this federal action, it will simply have won the "race to res judicata," and Campo will be denied the opportunity to have all of its claims adjudicated.  Once again, if Evanston's only goal is to have a court judicially declare that it has fulfilled its obligations under its contract with Campo, it can pursue this by asserting its affirmative defenses in state court.

Finally, with respect to the sixth factor, the purposes of judicial economy present yet another compelling reason for this Court to decline to exercise its discretion to hear this action.  Assuming that the action filed by Campo is remanded to state court, in accordance with the law of the Fifth Circuit and this Court, the "[e]xercise of federal jurisdiction in such a situation risks unnecessary commitment of scarce judicial resources, multiplicative expenditures on legal services, inconsistent rulings at numerous litigation junctures, and the appearance of disregard for the state trial court's authority and expertise in violation of basic norms of federal and state comity."  *Universal Surety*,

2003 WL 1594980 at *4 (*quoting United States Fidelity & Guaranty Co. v. Algernon-Blair, Inc.*, 705 F.Supp. 1507, 1514 (M.D.Ala.1988)).  This is especially true in the aftermath of Hurricane Katrina.  This Court can avoid further taxing its already overburdened resources by recognizing Evanston's procedural ruse for what it is, and dismissing this declaratory action.

### III.  Conclusion

Based upon the above and foregoing, defendant Campo Music Shopping Center Condominium Association respectfully urges this Honorable Court to exercise its discretion to dismiss Evanston's Complaint for Declaratory Judgment

Respectfully submitted,

/s/ Jeffery B. Struckhoff
_____
**TERRENCE J. LESTELLE - T.A. - 8540**
**ANDREA S. LESTELLE - 8539**
**JEFFERY B. STRUCKHOFF - 30173**
**LESTELLE & LESTELLE**
3421 N. Causeway Blvd., Suite 602
Metairie, LA  70002
Telephone:  (504) 828-1224
Fax: (504) 828-1229
Email: lestelle@lestellelaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 25th day of October, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are not CM/ECF participants.

   /s/ Jeffery B. Struckhoff_____
**JEFFERY B. STRUCKHOFF**