UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **EVANSTON INSURANCE** | * | **CIVIL ACTION NO. 07-4223** |
| **COMPANY** | * | |
| | * | **SECTION J, MAG. 5** |
| **VERSUS** | * | |
| | * | **JUDGE BARBIER** |
| **CAMPO MUSIC SHOPPING CENTER** | * | |
| **CONDOMINIUM ASSOCIATION** | * | **MAGISTRATE JUDGE CHASEZ** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### REPLY TO EVANSTON INSURANCE COMPANY'S OPPOSITION TO MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes defendant, Campo Music Shopping Center Condominium Association (hereafter sometimes referred to as "defendant" or "Campo"), and submits this Reply to Evanston Insurance Company's ("Evanston") Opposition to Motion to Dismiss Complaint for Declaratory Judgment. The purpose of this Reply is, first, to bring to the Court's attention the Order granting Campo's motion to remand in Civil Action No. 07-5449, and, second, to address several errors in Evanston's Opposition memorandum.

As the Court is aware, Campo filed a state court action,[1] which Evanston removed to this Court (see Civil Action No. 07-5449). Campo subsequently filed a motion to remand, alleging that

---

[1] *Campo Music Shopping Center Condominium Association v. Evanston Insurance Company*, Civ. No. 2007-11117 (Civil District Court, Parish of Orleans), attached to Campo's Memorandum in Support of Motion to Dismiss Complaint for Declaratory Judgment as Exhibit 1.

Evanston had wrongfully removed that case, in violation of the "Service of Suit" endorsement in the policy issued to Campo. On November 1, 2007, the Honorable Martin L. C. Feldman issued an Order granting Campo's motion to remand and awarding reasonable costs and attorney's fees incurred by Campo as a result of the improper removal of that case.[2] Accordingly, there is, once again, a pending state court action in which all of the matters in controversy can be litigated, a factor which is "of paramount concern" to district courts in deciding whether to entertain or dismiss a declaratory action. *Universal Surety*, 2003 WL 1594980 at *3 (*citing American Fidelity Ins. Co. v. Acadian Geophysical Services, Inc.*, 1997 WL 786233 (E.D.La.1997).

Additionally, it should be noted that the "Service of Suit" clause at issue in Campo's motion to remand its state court action is **not** at issue in this case. Contrary to Evanston's assertions in its opposition to the instant motion to dismiss, Campo has not argued that this declaratory action should be dismissed based on the "Service of Suit" clause in Evanston's policy. Campo has argued that this declaratory action should be dismissed because: (1) Campo has filed a state court action in the Civil District Court for the Parish of Orleans, and all matters in controversy may be fully litigated in that action; (2) Evanston's Complaint for Declaratory Judgment was filed in anticipation of the state court petition filed by Campo; (3) Evanston is using this declaratory action for the purposes of forum shopping; (4) inequities will arise as a result of Evanston's ability to gain precedence with respect to time and forum; and (5) because retaining this declaratory action will not serve the purposes of judicial economy. Accordingly, Evanston's reliance on *International Ins. Co. v. McDermott Inc.*, 956 F.2d 93 (5th Cir.1992), is misplaced.

---

[2] See October 31, 2007 Order and Reasons (Rec. Doc. No. 12) attached hereto as Exhibit 1.

Evanston relies on *McDermott* for the proposition that Campo cannot use the "Service of Suit" clause to block, by a subsequent filing in state court, the insurer's otherwise valid federal action for declaratory judgment. *See McDermott*, 956 F.2d at 95. Campo did not subsequently file its state court proceeding in order to "block" Evanston's declaratory action. Indeed, when Campo filed suit on August 29, 2007, it had no idea that Evanston had filed any action. Undersigned counsel did not received notice of Evanston's Complaint until September 26, 2007.[3] Furthermore, Campo does not assert that Evanston's declaratory action should be dismissed based on the "Service of Suit" clause. Campo asserts that Evanston's declaratory action should be dismissed because it was filed for improper purposes.

One of the reasons Campo urges this Court to exercise its discretion to dismiss this action is because it was filed in anticipation of Campo's state court action. Evanston responds that, while it knew as of August 16, 2007 that Campo had retained undersigned counsel to represent it in this insurance claim, "no threats to file suit were made"[4] at that time, and thus that this declaratory action was not filed in anticipation of Campo's suit. This argument rings hollow. Evanston knew that an actual controversy between it and Campo existed. Evanston also knew that Campo's rights would prescribe at the end of August, 2007. If Evanston had not anticipated that Campo would file suit (in state court, pursuant to its rights under the "Service of Suit" clause), it simply would have let prescription run and accomplished the same result that it seeks in this declaratory action. Clearly, Evanston knew that Campo would file suit, and it filed this action as a preemptive maneuver.

---

[3] See Notice of Lawsuit and Request for Waiver of Service of Summons, with accompanying cover letter, attached hereto as Exhibit 1.

[4] See Evanston's Memorandum in Support of Opposition to Motion to Dismiss Complaint for Declaratory Judgment (Rec. Doc. No. 6) at 5.

Preempting Campo's right to file suit in the forum of its choice is not a valid basis for seeking declaratory relief; accordingly, this action should be dismissed.

Additionally, because there are now parallel proceedings in state and federal court, Campo and Evanston are in a "race to res judicata." If Evanston is able to get a federal declaratory judgment before all issues are fully litigated in Campo's state court proceeding, inequities will arise because Campo's rights will be prejudiced without a full trial on the merits.

For all of the foregoing reasons, and for the reasons set forth in Campo's Memorandum in Support of Motion to Dismiss Complaint for Declaratory Judgment, Campo urges this Honorable Court to dismiss this action. In the alternative, Campo requests that the Court stay this action pending the resolution of Campo's pending state court action.

Respectfully submitted,

/s/ Jeffery B. Struckhoff
_____

**TERRENCE J. LESTELLE - T.A. - 8540**
**ANDREA S. LESTELLE - 8539**
**JEFFERY B. STRUCKHOFF - 30173**
**LESTELLE & LESTELLE**
3421 N. Causeway Blvd., Suite 602
Metairie, LA 70002
Telephone: (504) 828-1224
Fax: (504) 828-1229
Email: lestelle@lestellelaw.com

## **CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this 12th day of November, 2007, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants.  I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are not CM/ECF participants.

                                                  /s/ Jeffery B. Struckhoff
                                              **JEFFERY B. STRUCKHOFF**