UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EVANSTON INSURANCE COMPANY                CIVIL ACTION

VERSUS                                     NO: 07-4223

CAMPO MUSIC SHOPPING CENTER                SECTION: "J" (5)
CONDOMINIUM ASSOCIATION


**ORDER AND REASONS**

Before the Court is Defendant's Motion to Dismiss.  (Rec. Doc. 3).  For the reasons stated below, Defendant's Motion is **GRANTED.**


**BACKGROUND**

On August 21, 2007 Evanston Insurance Company filed suit against its insured, Campo Music Shopping Center Condominium Association ("Campo") seeking declaratory judgment that its "policy does not cover the nature and extent of the additional damage claimed by Campo at the insured building which were caused by Hurricane Katrina."  On September 25, Evanston Insurance company notified Campo of the lawsuit with a letter asking Campo to waive service,  Campo received such notice on September 26. To date, it does not appear that Campo has waived service or

answered the lawsuit.

On August 29, 2007 Campo filed suit against Evanston in Civil District Court to recover for damage to its building caused during Katrina.  The lawsuit was timely removed to the Eastern District of Louisiana and assigned to Judge Feldman (07-5449). On October 18, 2007, Campo filed a motion to remand on the basis that the Service of Suit clause in Evanston's insurance contract specifically required that Evanston accept the jurisdiction of any court of competent jurisdiction in the United States.  Citing Fifth Circuit law that upheld such clauses, Judge Feldman remanded the case on October 31, 2007.

On October 25, 2007 Campo filed this motion to dismiss the declaratory judgment suit.  Campo notes that there are three factors that a district court should consider when determining whether to dismiss an action for declaratory judgment.  (1) whether the action is justiciable (2) whether the court has the authority to grant relief; and (3) whether in the exercise of discretion, the court should dismiss or decide the action.  Campo asserts that this Court does not have the authority to decide this case because of the state court claim and the contractual right of Campo to proceed in State Court, regardless of the fact that Evanston filed its suit first.

Regardless of the authority question, Campo contends that

according to the seven factors given to a court in order to determine when it should exercise its discretion, this court should dismiss the action.  One of the factors is whether there are pending state court actions. And in this case there are.

Evanston maintains that this court should keep the action because the state court action was filed after the federal action, and this lawsuit is not an anticipatory lawsuit designed to defeat state jurisdiction and engage in forum shopping.

**DISCUSSION**

A district court is afforded broad discretion in deciding whether or not to entertain a declaratory judgment action. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87 (1995).  The Fifth Circuit has held that in analyzing whether to decide to dismiss a declaratory judgment suit, a district court must determine: "(1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; and (3) whether to exercise its discretion to decide or dismiss the action." *The Sherwin-Williams Co. v. Holmes County,* 343 F.3d 383, 387 (5th Cir. 2003)(*citing Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)).

In this case, the Defendant acknowledges that the first factor is met, and concedes that the action is justiciable.

The Defendant does assert, without citation, that the second

3

factor is not met.  The Defendant asserts that this Court does
not have the authority to grant declaratory relief because of the
presence of the state court litigation.  The Fifth Circuit has
held that "Under the second element of the *Orix Credit Alliance*
test, a district court does not have authority to consider the
merits of a declaratory judgment when: (1) the declaratory
defendant previously filed a cause of action in state court; (2)
the state case involved the same issues as those in the federal
court; and (3) the district court is prohibited from enjoining
the state proceedings under section 2883."  *Id.* (*citing Travelers
Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F2d 774, 776 (5th
Cir. 1993).  In this case, the defendant did not file his suit
first, and therefore this court does not lack the authority to
grant declaratory relief.

The final factor that a district court must consider is
whether it should exercise its discretion to decide to dismiss
the action.  The Fifth Circuit has given district courts seven
"nonexclusive factors . . . to consider in deciding whether to
decide or dismiss a declaratory action."  *Id.* (*citing St. Paul
Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).  These factors
are:

1.  whether there is a pending state action in which all of the

4

matters in controversy may be fully litigated;

2.  whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3.  whether the plaintiff engaged in forum shopping in bringing the suit;

4.  whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

5.  whether the federal court is a convenient forum for the parties and witnesses;

6.  whether retaining the lawsuit would serve the purposes of judicial economy; and

7.  whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

In regards to the first factor, the Fifth Circuit stated in *Sherwin-Williams* that "if the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issues is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id.* at 390-91 (*citing United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998)).  The Fifth Circuit also has noted that the presence of

5

state court litigation is an important factor and it weighs
strongly in favor of dismissal. *See id.* at 394.  In this case,
there is a pending state lawsuit involving the same state law
issues.  Therefore, the factor weighs in favor of dismissal.

In regards to the second and third factors, it is true that
the mere fact that a declaratory judgment action is brought in
anticipation of other suits does not require dismissal of the
declaratory judgment action by the federal court. *Id.* at 397.
In *Sherwin-Williams*, the court held that the Plaintiff did not
impermissibly engage in "forum selection" when the selection of
the federal forum did not change the law that would apply  and
there was no evidence that the federal defendant had been
restricted from filing state court actions. *Id.* at 399.  The
same is true in this case, the mere fact that Evanston filed this
action is not indicative that Evanston has improperly invoked the
federal forum.  Further there is no evidence that Campo is unable
to file in state court, and has in fact done so, and there is no
evidence that the federal forum provides a different choice of
law.

The remaining factors require the court to consider the
fairness of litigating in the state or federal system.  While it
certainly would not be any more inconvenient to litigate in
federal court as it would be to litigate in Civil District Court,

6

and this court is not being called on to enforce a state judicial decree, judicial economy does weigh in favor of dismissal. Judicial economy would be best served by having one court litigate the issues and determine the proper outcome.

The Fifth Circuit does approve of dismissing an action when pending state litigation is the only factor in favor of dismissal. *See. Trejo*, 39 F.3d at 591 & n.9. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. 3) is **GRANTED**.

New Orleans, Louisiana this the 20th day of November, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE